# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MARK WYNN, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:20-cv-00837-DGK |
| JEREMY GRAGG, et al., | ) |
| Defendants. | ) |

## ORDER DENYING DEFENDANTS' MOTION FOR COLLATERAL ESTOPPEL

This disability discrimination case arises from the alleged injuries that Plaintiff Mark Wynn sustained during an arrest. Plaintiff has a disability from back and spinal surgeries that make it difficult for him to walk or use his legs. Plaintiff alleges that Defendant Jeremy Gragg ("Gragg"), a Kansas City, Missouri Police Officer, failed to accommodate this disability during Plaintiff's arrest by handcuffing him behind his back and refusing him the use of a walker. Gragg's actions allegedly led to Plaintiff falling to the ground and remaining there for nearly an hour with his hands still cuffed behind his back. This incident allegedly caused injuries to his back, hand, arm, and knuckles as well as mental anguish and humiliation. Plaintiff has sued Gragg in his individual and official capacities as well as Defendant Kansas City Board of Police Commissioners through its members, alleging that Gragg's actions violated the Americans with Disabilities Act (Count I), the Rehabilitation Act (Count II), and Section 1983 (Counts III & IV).

Now before the Court is Defendants' motion for collateral estoppel. Defendants seek to preclude Plaintiff from allegedly relitigating findings made in his workers' compensation case for an unrelated work injury. For the following reasons, Defendants' motion is DENIED.

## Background

In July 2013, Plaintiff suffered back and spinal injuries during his employment with M&M Transport.[1] Plaintiff then had spinal surgery in November 2014 and back surgery in August 2015. At the time of the arrest, Plaintiff was still rehabbing from his most recent surgery and was limited in his ability to use his legs. Plaintiff used a walker to ambulate and hand controls to drive.

On October 17, 2015, Plaintiff met his ex-girlfriend at a local gas station to return her purse. The two argued, and Plaintiff eventually left. Soon after this encounter, Plaintiff's ex-girlfriend contacted the police, told them that Plaintiff had threatened her with a gun, and gave them the description of his car.

Shortly thereafter, Gragg pulled over Plaintiff on I-49 in Kansas City. With his gun drawn and pointed at Plaintiff, Gragg yelled at him to exit his car. Plaintiff told Gragg he was disabled, but Gragg kept yelling at him to exit his car. Plaintiff then struggled to get out of his car due to his disability and repeated that he was disabled and needed his walker. Plaintiff was ordered to walk backwards, and he used the car to assist him in walking to the back of it. Once there, Gragg handcuffed him behind his back. Plaintiff repeatedly told Gragg he was disabled and needed his walker or he would fall over. Plaintiff eventually fell to the ground near the back of his car.

Plaintiff remained handcuffed behind his back on the ground in various positions for 30 to 45 minutes until the police put him in their car. The officers did not find a gun on Plaintiff or in his car, and they later released him. This incident allegedly caused injuries to his back, hand, arm, and knuckles as well as mental anguish and humiliation. Plaintiff alleges that he is now confined to a wheelchair due to his injuries.

---

[1] The facts are drawn from Plaintiff's amended complaint as well as the ALJ's opinion in the workers' compensation case. There is also police dashcam footage that corroborates Plaintiff's allegations regarding the arrest.

Prior to this lawsuit but after his arrest, Plaintiff filed for workers' compensation for the injury he suffered at M&M Transport in 2013. M&M Transport did not appear or contest any of Plaintiff's allegations or evidence. On December 18, 2019, an administrative law judge ("ALJ") rendered a workers' compensation judgment in Plaintiff's favor. ECF No. 26-1 at 1–2. The ALJ accompanied the award with a written opinion with findings of fact and rulings of law. *Id.* at 3–9. His opinion included summaries of Plaintiff's back and spinal injuries, the treatment for those injuries, and the functional limitations arising from them. *Id.* The ALJ repeatedly remarked that M&M Transport had not appeared in the action and that his rulings were based on Plaintiff's uncontested evidence. The ALJ never mentioned Plaintiff's arrest or any associated injuries.

## Standard

Collateral estoppel ensures that "an issue judicially determined in one action may not be relitigated in another action." *Shahan v. Shahan*, 988 S.W.2d 529, 532 (Mo. 1999).[2] In deciding whether to apply collateral estoppel, the Court considers: "(1) whether the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or was in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit." *Id.* Although the Court should consider all the factors, whether the issues are "identical" is the most important. *State v. Rodden*, 728 S.W.2d 212, 220

---

[2] The parties agree that Missouri law applies to the collateral estoppel issue since the workers' compensation proceeding occurred in Missouri, so the Court applies Missouri law to this issue. *See Ewing v. St. Louis-Clayton Orthopedic Grp., Inc.*, 790 F.2d 682, 685 (8th Cir. 1986) ("Where the first action was brought in state court and involved non-federal matters, the overwhelming view is that the federal district court is required under *Erie* to follow the res judicata law of the forum state.").

(Mo. 1987) ("An essential requirement for the application of collateral estoppel is that 'the issue decided in the prior adjudication was *identical* with the issue presented in the present action.'"); *Shelton v. City of Springfield*, 130 S.W.3d 30, 36 (Mo. Ct. App. 2004) (noting that "identical issues" is the most important factor).  The proponent of collateral estoppel bears the burden of proving that it applies.  *Arthur v. Evangelical Deaconess Soc. of City of St. Louis, Inc.*, 615 S.W.2d 438, 445 (Mo. Ct. App. 1981).

## Discussion

Defendants argue that certain findings in the ALJ's opinion meet the collateral estoppel factors, and thus, Plaintiff should be precluded from contesting them here.  In particular, Defendants argue that the ALJ's findings preclude Plaintiff from litigating: "(1) that Plaintiff is limited to a scooter or wheelchair due to Officer Gragg's actions; (2) that Plaintiff had [his] April 14, 2016 neck surgery and his June 23, 2016 back surgery as a result of Officer Gragg's actions; (3) that Plaintiff suffers from depression due to his inability to move about without use of his wheelchair or scooter, due to Officer Gragg's actions; and (4) that Officer Gragg's actions caused or contributed to cause, in any way, the injuries and disability identified in [the ALJ's opinion]." ECF No. 26 at 6.  Plaintiff argues that none of the factors support collateral estoppel.

The Court holds that collateral estoppel does not apply.  Defendants are correct that the ALJ's opinion satisfies the third collateral estoppel factor, because Plaintiff was unquestionably a party to the workers' compensation proceeding.  But the three remaining factors do not favor collateral estoppel, as the Court explains in turn below.

First, the highlighted issues from the workers' compensation case and this case are not "identical."  *Shahan*, 988 S.W.2d at 532.  Defendants overstate or mischaracterize the ALJ's

4

findings when arguing otherwise. Contrary to Defendants' characterizations, the ALJ never found that Plaintiff's work accident "exclusively" caused all his back and spinal injuries or depression, his 2016 surgeries, or his confinement to a wheelchair or scooter. Nor have Defendants shown that Gragg's actions were relevant to the workers' compensation inquiry or that the ALJ was presented with any evidence about them. So it can hardly be said that the ALJ's failure to mention Gragg's actions excludes the possibility that they contributed to Plaintiff's injuries. Indeed, this seems unlikely given that the two proceedings have sought distinct recovery for different injuries. In the workers' compensation case, the ALJ was called upon to decide whether Plaintiff was owed lost wages in part for his 2013 unrelated work injury. Here, the jury will be called upon to decide whether Gragg's alleged actions during the 2015 arrest caused Plaintiff to sustain compensable injuries and emotional distress, excluding lost wages. Thus, the issues in this case are not "identical" to those decided in the workers' compensation case. *See Rodden*, 728 S.W.2d at 220 ("'Collateral estoppel forecloses a party from litigating only those *exact issues unambiguously* decided in the earlier case.'" (emphasis added)); *see also Shelton*, 130 S.W.3d at 36 (ruling collateral estoppel precluded where issues were not "identical"); *Missouri Ins. Guar. Ass'n v. Wal-Mart Stores, Inc.*, 811 S.W.2d 28, 33 (Mo. Ct. App. 1991) (same); *Wolfe v. Cent. Mine Equip. Co.*, 895 S.W.2d 83, 88 (Mo. Ct. App. 1995). So this "essential" factor, *Rodden*, 728 S.W.2d at 220, tilts strongly against collateral estoppel.

Second, the "decision on the merits" prong does not favor collateral estoppel. A workers' compensation opinion can be considered a final decision on the merits in some circumstances. *See Butcher v. Ramsey Corp.*, 628 S.W.2d 912, 914 (Mo. Ct. App. 1982). But the ALJ's decision does not appear to be on the merits, as he repeatedly noted his findings were based solely on

5

Case 4:20-cv-00837-DGK   Document 68   Filed 02/10/22   Page 5 of 7

Plaintiff's uncontested evidence since M&M Transport never appeared. The ALJ's decision, thus, is more akin to a default judgment than a true decision on the merits. *See Hangley v. Am. Fam. Mut. Ins. Co.*, 872 S.W.2d 544, 548 (Mo. Ct. App. 1994) (denying preclusive effect to a summary judgment order that was based solely on the movants' evidence as the nonmovant voiced no opposition); *Stine v. Warford*, 18 S.W.3d 601, 606 (Mo. Ct. App. 2000) (holding default judgment was not on the merits). At most, this factor is neutral.

Third, the "full and fair opportunity" prong does not favor collateral estoppel. True, Plaintiff was represented by counsel in the prior proceedings and introduced evidence. But this hardly made the prior proceedings a "full and fair opportunity" to decide whether, if at all, Gragg's actions injured Plaintiff. As noted above, the workers' compensation case was focused on whether Plaintiff was entitled to lost wages due to a 2013 work injury unrelated to Plaintiff's 2015 arrest. So it would have made no sense for Plaintiff to introduce evidence about Gragg's actions there. To the extent Gragg's actions had marginal relevance to the causation analysis in the workers' compensation proceeding (which Defendants have not shown), that evidence would have most likely been introduced by M&M Transport, but it was absent from the proceedings. On this record, Plaintiff did not have a full and fair opportunity to litigate what Gragg's actions caused. *See Ziade v. Quality Bus. Sols., Inc.*, 618 S.W.3d 537, 550 (Mo. Ct. App. 2021) (holding no "full and fair opportunity" where the Court made no finding on something that was not directly at issue in the prior proceeding); *Stine*, 18 S.W.3d at 606 (finding default judgment did not give full and fair opportunity to litigate). This factor, thus, does not favor collateral estoppel.

Overall, only Plaintiff's presence in the workers' compensation case weighs in favor of collateral estoppel. But the lack of identical issues—the most important factor—weighs strongly

against applying it, and the other factors are, at best, neutral. The Court, thus, declines to apply collateral estoppel.

## Conclusion

For the foregoing reasons, Defendants' motion to apply collateral estoppel is DENIED.

**IT IS SO ORDERED.**

DATED: February 10, 2022          /s/ Greg Kays
                                  GREG KAYS, JUDGE
                                  UNITED STATES DISTRICT COURT