IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARK WYNN, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:20-cv-00837-DGK |
| JEREMY GRAGG, et al., | ) |
| Defendants. | ) |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This disability discrimination case arises from the alleged injuries that Plaintiff Mark Wynn sustained during an arrest. Plaintiff has a disability from back and spinal surgeries that make it difficult for him to walk or use his legs. Plaintiff alleges that Defendant Jeremy Gragg ("Gragg"), a Kansas City, Missouri Police Officer, failed to accommodate this disability during Plaintiff's arrest by handcuffing him behind his back and refusing him the use of a walker. Gragg's actions allegedly caused Plaintiff to fall to the ground and remain there for nearly an hour with his hands still cuffed behind his back. This incident allegedly caused injuries to his back, hand, arm, and knuckles as well as mental anguish and humiliation. Plaintiff has sued Gragg in his individual and official capacities as well as Defendant Kansas City, Missouri Board of Police Commissioners ("Board") through its members, alleging that Gragg's actions violated the Americans with Disabilities Act ("ADA") (Count I), the Rehabilitation Act ("RA") (Count II), and Section 1983 (Counts III & IV).

Now before the Court is Defendants' motion for summary judgment on all claims. ECF No. 54. For the reasons stated below, the motion is GRANTED IN PART and DENIED IN

PART. Summary judgment is warranted on Plaintiff's Section 1983 claims (Counts III & IV) as well as his punitive damages requests and individual capacity claims under the ADA and RA (Counts I & II). But summary judgment is not warranted on Plaintiff's compensatory damages claims under the ADA and RA (Counts I & II). Finally, each party is ORDERED to provide supplemental briefing—not to exceed ten double-spaced pages—by April 7, 2022, as to whether the ADA and RA official capacity claims against Gragg should be dismissed as duplicative of the claims against the Board.

## Undisputed Material Facts

Plaintiff's arrest and subsequent treatment is captured on dashcam footage and audio recordings. Exs. A, D, E, G, and I to Defs' SJ Mot., ECF No. 54-1. That evidence corroborates the Court's description of the incident in its prior order, so the Court does not repeat that here. *See Wynn v. Gragg*, No. 20-cv-00837, 2022 WL 417385, at *1–2 (W.D. Mo. Feb. 10, 2022).

## Standard

A movant is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those facts "that might affect the outcome of the suit under the governing law," and a genuine dispute over material facts is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court makes this determination by viewing the facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Tolan v. Cotton*, 572 U.S. 650, 656 (2014); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588–89 (1986). "In reaching its decision, a court should not weigh the evidence, make credibility determinations, or

attempt to determine the truth of the matter." *Leonetti's Frozen Foods, Inc. v. Rew Mktg., Inc.*, 887 F.3d 438, 442 (8th Cir. 2018). To survive summary judgment, the nonmoving party must substantiate his allegations with "sufficient probative evidence that would permit a finding in his favor based on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (internal quotations and citations omitted).

## Discussion

Defendants move for summary judgment on all counts. Plaintiff opposes summary judgment on his ADA and RA compensatory damages claims (Counts I & II), but he does not oppose summary judgment on his Section 1983 claims (Counts III & IV) or on his request for punitive damages on his ADA and RA claims. The Court briefly addresses the arguments for summary judgment on Counts I & II before turning to arguments on Counts III & IV.

### I. Defendants' summary judgment arguments on Counts I & II.

Plaintiff has pled an ADA claim (Count I) and RA claim (Count II) against Defendants. *See* Am. Compl. ¶¶ 60–86, ECF No. 3. Defendants seek summary judgment on these claims on several grounds, including that: (1) the individual capacity claims against Gragg are not cognizable under the ADA or RA; (2) the requests for punitive damages are not cognizable under the ADA or RA; (3) the ADA and RA official capacity claims against Gragg should be dismissed as redundant of those same claims against the Board; and (4) the Board is entitled to summary judgment on the ADA and RA claims against it. *See* Defs' Suggestions In Support, ECF No. 54 at 12–16. Plaintiff opposes the latter two arguments, but not the first two. Opp'n, ECF No. 65 at 22–32.

The Court holds that Defendants are entitled to summary judgment on the first two issues. Individual capacity liability does not exist under the ADA and RA, *see Dinkins v. Correctional*

3

*Medical Services*, 743 F.3d 633, 634 (8th Cir. 2014), and punitive damages are not available either, *see Barnes v. Gorman*, 536 U.S. 181, 189 (2002). So the Court finds that Defendants are entitled to judgment as a matter of law on Plaintiff's ADA and RA individual capacity claims against Gragg as well as Plaintiff's request for punitive damages for his ADA and RA claims.

Defendants, however, are not entitled to summary judgment on Plaintiff's ADA and RA claims for compensatory damages. When considered in the light most favorable to Plaintiff, the record evidence permits a reasonable jury to find in his favor.

And although Defendants cite *King v. City of Crestwood, Missouri*, 899 F.3d 643, 650 (8th Cir. 2018), for the broad proposition that an official capacity claim against an officer should be dismissed as redundant when the employing entity is also sued, that case solely involved Section 1983 claims. *King* did not involve claims under the ADA or RA. This distinction may not ultimately matter, but neither party has cited any authority to assist the Court in deciding this issue. The Court directs the parties to provide further briefing on whether, and to what extent, the ADA and RA official capacity claims against Gragg should be dismissed as redundant of the claims against the Board. The parties shall each file a brief not to exceed ten double-spaced pages by April 7, 2022, that cites controlling authority on this issue.

## II.     Defendants are granted summary judgment on Counts III & IV.

Plaintiff pled two Section 1983 excessive force claims against Gragg (Counts III & IV). Am. Compl. ¶¶ 87–118. Gragg argues that he is entitled to qualified immunity on those claims. *See* Suggestions ISO at 16–20. Plaintiff does not oppose Gragg's arguments. Opp'n, at 1. The Court holds that Gragg is entitled to summary judgment on Counts III and IV. *See Satcher v.*

4

*Univ. of Ark. at Pine Bluff Bd. Of Trustees*, 558 F.3d 731, 734–35 (8th Cir. 2009) (holding that a party's "failure to oppose a basis for summary judgment constitutes waiver of that argument.").

## Conclusion

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED IN PART and DENIED IN PART. Defendants are entitled to summary judgment on Plaintiff's Section 1983 claims (Counts III & IV) as well as Plaintiff's individual capacity claims and requests for punitive damages under the ADA and RA (Counts I & II). Defendants are denied summary judgment on Plaintiff's ADA and RA claims for compensatory damages (Counts I & II). The parties are ORDERED to provide supplemental briefing as set forth above.

**IT IS SO ORDERED.**

Dated: March 29, 2022 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT